IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(GREENBELT DIVISION)

GORDON LIPPE
10528 Saddlebrook Court
Laurel, MD 20723

    Plaintiff,

VS

TJML, LLC, T/A TONY & JAMES RESTAURANT AND BAR
654 Center Point Way
Gaithersburg, MD 20878

    Defendant.

Serve

**CASE NO.: 8:2012CV00260**

## NOTICE OF INTENT TO DEFEND

Defendant, TONY A. MASSENBURG, hereby gives Notice of Intent to defend the civil summons in this above titled case, and Demand strict proof of the alleged claim.

## STATEMENT OF DEFENSE

The lawsuit brought forth by Plaintiff, Gordon Lippe, in the above titled case is unsubstantiated and the stated supporting facts are untrue. Below are corresponding responses regarding the complaint filed by Plaintiff.

1. Response not applicable.
2. Response not applicable.
3. Response not applicable.
4. Response not applicable.
5. Response not applicable.
6. Response not applicable.
7. Incorrect. Mr. Lippe is a former employee of TJML, LLC DBA Tony & James Restaurant and Bar, (hereinafter "Tony & James"). TJML, LLC was co-owned and co-operated by

Mr. Tony Massenburg and Mr. James Lloyd. Mr. Lloyd was the responsible party for the day-to-day supervision and oversight of employees not Mr. Massenburg.

8. Response not applicable.
9. The group health plan was in effect from May 2010 thru September 2010.
10. Response not applicable.
11. Incorrect. "44 Sports Bar & Grill" is not owned in part or in whole by Tony & James Restaurant or TJML, LLC. The entity is majority owned by an un-associated third party, not the principal owner (or any owner) of Tony & James. Mr. Massenburg is not the primary owner of 44 Sports Bar & Grill or it's parent company and therefore, 44 Sports Bar & Grill, it's parent company and any associates of the related business should be excluded from further reference in this matter.
12. Incorrect. As stated in Paragraph 11, Journeyman, LLC is not the successor entity and/or part of a single integrated enterprise with Tony & James and Tony Massenburg nor is it responsible for any acts, omissions, or claims set forth in this lawsuit. Journeyman, LLC is not in the personal jurisdiction of this court.
13. Incorrect. Mr. Massenburg was not the only owner of Tony & James Restaurant and not individually liable for the acts set forth in this lawsuit. As stated in paragraphs 11 and 12, Mr. Massenburg is not the principal owner of Journeyman, LLC and is not individually liable as an employer for any acts or claims against TJML,LLC, Tony and James Restaurant.
14. Response not applicable
15. Response not applicable.
16. Response Not Applicable.
17. (1) Incorrect. The agreed upon salary for the Mr. Lippe was $70,000 per annum. This is validated on the Maryland New Hire Registry form (attached) as well as payroll reports provided by an unrelated third party with further documentation can be provided as required. The allegation from the plaintiff that there was any type of bonus program in place is completely fictitious. A bonus in the amount of $15,000 per quarter for merely "remaining an employee" is not only absurd, but out of line with the ongoing practices of the company. By definition a bonus is "something given or paid in addition to what is usual or expected". It would go against all common and reasonable belief to assert you should be eligible, let alone entitled, to a bonus by only showing up to work and remaining an employee. The act of being employed itself would imply that one is not only expected to show up for work, but rather it is required to maintain a job anywhere. , this is not reasonable bonus criteria. In addition, it was not the practice of the employer to engage in a bonus program for any employee under any circumstance, which can be proven with numerous pages of records. Mr. Lippe was not exempt from this standard, he had no agreed upon bonus program.
(2) Incorrect. Mr. Lippe was in fact placed on the group health plan effective his first day of employment and the cost of the entire premium was paid by the employer. (see attached documentation). Mr. Lippe was covered under the group health plan during his length of employment.
18. Incorrect. As is the matter of course in business, it is not common practice to provide overtime benefit to salaried employees. Mr. Lippe was a salaried employee and therefore not entitled to any overtime benefit at any rate. Mr. Lippe's salary was

determined based on a level of effort, not based on a pre-defined amount of hours in a work-week. He was not paid on an hourly basis and overtime was never a point of discussion his hiring. His hours, and all other salaried employee's hours, were not tracked, i.e. he did not "clock-in" and "clock-out" nor was he required to work 72 hours or any other pre-determined amount. There is no record of the amount of time he spent in the restaurant.

19. Incorrect. Again, it was not the practice of Tony and James to pay any salaried employee additional overtime pay. Mr. Lippe was not an exception. Mr. Lippe is not entitled to receive any overtime pay for any reason. An outline of his pay arrangement can be found in paragraph six of the attached unsigned copy of an employment agreement between the employer and Mr. Lippe. This document was written by an attorney. You will find that there is absolutely NO reference to bonus or overtime pay or required amount of hours with regard to compensation. With the exception of the raised annual salary (to $70,000), this is the exact agreement under which Mr. Lippe was employed with Tony and James.

20. Incorrect. The waiting period for the health care plan was waived and Mr. Lippe was added to the health insurance plan at the commencement of his employment, at which point Plaintiff received all statutory documents required by ERISA regulation. Additional copies of any documentation including the summary plan description would have been provided upon request, free of charge, had the Plaintiff requested such materials verbally or in writing, as is the suggested method. Refer to attached invoices from health care provider. He was removed from the plan at his termination and non-election of COBRA

21. Response Not Applicable.

22. Incorrect. Mr. Lippe was on the attached payroll reports for payment on the appropriate day. Mr. Massenburg does not have personal knowledge as to why he never received his check. Due to circumstances not pertaining herein, there is an ongoing investigation into this matter.

23. Incorrect. Mr. Massenburg has no knowledge of Mr. Lippe asking him personally for payment.

24. Incorrect. Mr. Lippe was terminated for cause from Tony and James Restaurant and Bar for sexual harassment of a (then) 19 year old girl on July 24, 2010. He ignored the written sexual harassment policies put in place by the company. See the attached disciplinary action form for the incident, signed by the defendant himself. The victim of the incident is able and willing to substantiate this claim. In addition, it was also exposed that Mr. Lippe was consistently drinking while on the job. He was also written up for this behavior and witnesses can substantiate.

25. Complete hearsay, unsubstantiated allegations and irrelevant to the facts of this matter.

26. Incorrect. On July 30, 2010 (after termination) it is acknowledged that Mr. Lippe did send a written request for payment. At that time he did not include any overtime or bonus pay because it was never part of the original contract. It is only years later that he claims he is now owed bonuses and over time. This is completely false. Refer to attached letter written and signed by the plaintiff.

27. Incorrect. Unknown. There is no applicable accrued bonus or overtime wages. In addition, Mr. Massenburg did make money available to pay Mr. Lippe in July and

August 2010. It has since been discovered that Mr. Massenburg was a victim of internal fraud and deception within the company, hence why it is now shut down. This matter is continuing to be investigated at this time. The money that was to be paid to Mr. Lippe is not accounted for at this time.

28. Incorrect. Mr. Massenburg never intended to not pay Mr. Lippe his wages based on his annual salary of $70,000/yr. In fact, Mr. Massenburg deposited money into the company for this reason. This is now part of an on-going investigation.

29. These allegations are completely absurd, unsubstantiated, and regarded as defamation of character, not to mention irrelevant to the facts that pertain to this situation. Mr. Lippe should be reminded that the confidentiality agreement he signed upon employment included defamation of character. Further allegations of this manner may be returned with counter action.

30. Incorrect. Irrelevant. All items mentioned were dismissed, satisfied or erroneous.

31. Response Not Applicable.

32. Response Not Applicable.

33. Incorrect. Mr. Massenburg did not willfully or intentionally fail to pay Mr. Lippe. In addition, it continues to be disputed that Mr. Lippe is not entitled to any overtime wage based on employment agreement.

34. Incorrect. Not willful disregard. Ongoing Dispute.

35. Incorrect. Mr. Lippe is not owed any overtime wages from Defendant in any amount.

36. Incorrect. Mr. Lippe is not owed any overtime wages from Defendant in any amount.

37. Response Not Applicable.

38. Response Not Applicable.

39. Incorrect. Mr. Lippe was never entitled to any bonus. In fact he was terminated for cause. Certainly not eligible for a bonus based on the sole criteria of showing up for work.

40. Response Not Applicable.

41. Incorrect. Mr. Lippe's salary was $70,000 per annum ($2,692.31/pay period or $192.31/day. Mr. Lippe was employed from June 28, 2010 through July 24, 2010, a total of 27 days. His earned wage for this period was $5,384.60. There was no applicable bonus or overtime pay. There is a dispute over wages claimed and wages owed and there was no willful violation of MWPCL. In addition, it hasn't been verified that Mr. Lippe did not receive payment.

42. Not Applicable. Mr. Lippe was not promised any compensation other than his annual salary of $70,000 per annum. He was included on health coverage upon his commencement of employment.

43. Incorrect. There was no willful violation because there was never an agreed upon bonus as stated previously. This is a completely fictitious claim.

44. Response Not Applicable.

45. Response Not Applicable.

46. Incorrect. There was no willful or intentional violation of Mr. Lippe's rights. The bona fide dispute regarding the wage is ongoing.

47. Incorrect. Mr. Lippe's was owed the amount stated in Paragraph 41. It has not yet been determined whether he received all or any portion of this amount.

48. Response Not Applicable.

49. Incorrect. Mr. Lippe's agreed upon compensation did not include overtime wages, or bonuses. He was only offered annual salary at a rate of $70,000/yr.
50. Response Not Applicable.
51. Incorrect. There is no applicable overtime wages or bonus. Payment for days worked is still under consideration. Mr. Massenburg recollects making payment for this purpose and more research is required on this item.
52. Incorrect. Mr. Lippe was never promised or otherwise relayed upon him that he would ever receive a bonus or overtime pay. Any other benefits have been paid.
53. Response Not Applicable.
54. Response Not Applicable.
55. Incorrect. As stated in Paragraph 20, Plaintiff was immediately enrolled in the health plan and he received all statutory documents required by ERISA regulation including the Summary Plan Description on the commencement of employment. He was entitled to additional free copies if requested. Statutory penalties do not apply.

**Prayer of Relief:**

A-G  Items are erroneous as stated in 1-55 above.
H. Journeyman, LLC is not majority owned by Mr. Massenburg or any related party of TJML, LLC. It, therefore, cannot be held responsible or any act of TJML, LLC, or Tony & James Restaurant.
I. Journeyman, LLC is not the successor corporation to Tony & James and is not responsible for any and all judgments against Tony & James, and vice-versa.
J. Response Not Applicable.

**DEMAND FOR RE-EVALUATION**

Defendant demands re-evaluation of claims based on the facts presented above.

SUBMITTED:

*Tony [signature]*

Tony Massenburg
1120 Fowler Road
Owings, MD 20878