IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GORDON LIPPE

    v.

TJML, LLC, et al.

:
:
:   Civil Action No. DKC 12-0260
:
:
:

**MEMORANDUM OPINION**

Presently pending and ready for review in this wage and hour law case are the motions for partial judgment on the pleadings or summary judgment, and default judgment filed by Plaintiff Gordon Lippe (ECF Nos. 11, 12). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motions will be granted in part and denied in part.

**I.   Background**

   **A.   Factual Background**

The complaint alleges the following facts. Defendant TMJL, LLC, t/a Tony & James Restaurant and Bar ("Tony & James") was a retail restaurant and bar business located in Gaithersburg, Maryland. (ECF No. 1 ¶ 10). Defendant Tony Massenburg, one of the owners of Tony & James, hired Plaintiff in June 2010. (*Id.* at ¶ 17). While the parties never signed an employment contract, they operated under the terms that Massenburg and Plaintiff agreed to verbally: Plaintiff would work as executive

chef at the restaurant for $70,000 per year.  Plaintiff alleges that Massenburg also promised Plaintiff a quarterly $15,000 bonus, and that he would be placed on Tony & James' group health plan.  (*Id.*).  Plaintiff worked at Tony & James from June 28 through July 24, 2010.  Plaintiff actually worked at the restaurant six days a week for twelve hours a day, for a total of 288 hours.  (*Id.* at ¶ 18).  Despite making several requests, both during and after his employment, Defendants never paid Plaintiff either his salary or his bonus.  (*Id.* at ¶ 27).  Plaintiff received a health plan identification card, but never received additional information regarding the plan from Defendant TJML, LLC Group Health Plan ("Group Health Plan").  (*Id.* at ¶ 20).  Plaintiff further declares that Mr. Massenburg negotiated the terms of his employment, hired, and fired him.  Defendant Journeyman, LLC, t/a 44 Sports Bar & Grill ("Journeyman") is a successor entity in interest to Tony & James, formed to operate a new retail restaurant in the space formerly occupied by Tony & James.  (*Id.* at ¶ 4).

### B.  Procedural Background

On January 26, 2012, Plaintiff filed a five-count complaint against Defendants Tony Massenburg, Tony & James, and Journeyman, alleging violations of the Fair Labor Standards Act ("FLSA"), the Maryland Wage Payment and Collection Law ("MWPCL"), and the Maryland Wage and Hour Law ("MWHL"), for

failure to pay Plaintiff's salary; a claim of *quantum meruit* for unjustly retaining the benefit of Plaintiff's services; and a violation of the Employee Retirement Income Security Act ("ERISA") for failing to provide adequate health insurance documentation.[1]   (ECF No. 1).   Plaintiff timely served all Defendants.   Summonses were returned executed as to all Defendants (ECF Nos. 4-6) and Defendant Massenburg filed an answer on March 15, 2012 (ECF No. 7).   The remaining Defendants have not filed an answer.   The clerk entered default as to Tony & James, Journeyman, and Group Health Plan on April 4, 2012. (ECF No. 10).   On April 13, Plaintiff moved for default judgment as to the defaulted Defendants. (ECF No. 11).

On April 24, Plaintiff moved for summary judgment against Mr. Massenburg (ECF No. 12).   On April 25, the clerk of the court notified Mr. Massenburg of the pendency of the motion for summary judgment and the necessity of filing a response.   *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).   No response was received.

---

[1] Plaintiff brought this claim against the Group Health Plan as well.   This is the only claim asserted against the Group Health Plan.

3

## II.  Plaintiff's Motion for Summary Judgment as to Massenburg

### A.   Standard of Review

### 1.   Summary Judgment[2]

Summary judgment may be entered only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008).  Summary judgment is inappropriate if any material factual issue "may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *JKC Holding Co. LLC v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed.R.Civ.P. 56(e)).  "A mere scintilla of proof . . . will not suffice to prevent summary judgment." *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at

---

[2]  Because matters outside the pleadings are being considered, Plaintiff's motion will be construed as one for summary judgment, not a motion for judgment on the pleadings.

249-50 (citations omitted).   At the same time, the facts that are presented must be construed in the light most favorable to the party opposing the motion.   *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Emmett*, 532 F.3d at 297.

### 2. Default Judgment

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."   Rule 55(b)(1) provides that the clerk may enter a default judgment if the plaintiff's claim is "for a sum certain or a sum that can be made certain by computation."   A plaintiff's assertion of a sum in a complaint does not make the sum "certain" unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence.   *See Medunic v. Lederer*, 64 F.R.D. 403, 405 n. 7 (E.D.Pa. 1974) (concluding that clerk could not enter default judgment where damages were not liquidated), *reversed on other grounds*, 533 F.2d 891 (3[d] Cir. 1976).

Where a default has been previously entered by the clerk and the complaint does not specify a certain amount of damages, default judgment may be entered upon the plaintiff's application and notice to the defaulting party, pursuant to Fed.R.Civ.P. 55(b)(2).   A defendant's default does not automatically entitle

the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). The Fourth Circuit has a "strong policy" that "cases be decided on their merits," *Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate where a party is unresponsive, *see S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

"Upon [entry of] default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *Lawbaugh*, 359 F.Supp.2d at 422. It remains, however, "for the court to determine whether these unchallenged factual allegations constitute a legitimate cause of action." *Agora Fin., LLC v. Samler*, 725 F.Supp.2d 491, 494 (D.Md. 2010). Federal Rule of Civil Procedure 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Thus, where a complaint specifies the amount of damages sought, the plaintiff is limited to entry of a default judgment in that amount. "[C]ourts have generally held that a default judgment cannot award additional damages . . . because the defendant

could not reasonably have expected that his damages would exceed that amount." *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000).

Where a complaint does not specify an amount, "the court is required to make an independent determination of the sum to be awarded." *Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C. 2001) (citing *S.E.C. v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 814 (2d Cir. 1975); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)). While the court may hold a hearing to consider evidence as to damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins*, 180 F.Supp.2d at 17 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also Laborers' District Council Pension, et al. v. E.G.S., Inc.*, Civ. No. WDQ-09-3174, 2010 WL 1568595, at *3 (D.Md. Apr. 16, 2010) ("[O]n default judgment, the Court may only award damages without a hearing if the record supports the damages requested.").

### B. Analysis

Plaintiff brings all five claims against Defendant Massenburg, but explicitly reserves requesting a determination of liability as to the ERISA claims and the bonus he alleges he is owed. (ECF No. 12, at 3 n. 2). Massenburg's answer (ECF No. 7), as the only responsive pleading he filed, will be considered

in resolving the summary judgment motion.  As noted, Defendants Tony & James, Journeyman, and Group Health Plan were served with the complaint on March 15, 2012, and have not responded. Therefore, as to these Defendants, all of Plaintiff's allegations, other than those regarding damages, are admitted. Fed.R.Civ.P. 8(b)(6).

**C.   Claims for Wages for First Forty Hours of Work Per Week**

To recover wages for his first forty hours of work for each week he worked, Plaintiff brings claims under the MWPCL, and alternatively, under the FLSA and MWHL.

**1.   MWPCL**

Under this statute, "employer" is defined more restrictively than it is under the FLSA, which defines the term broadly. *See Watkins v. Brown*, 173 F.Supp.2d 409, 416 (D.Md. 2001).  Unlike the FLSA, the definition of "employer" under the MWPCL does not specifically include supervisors or officers acting on behalf of the corporate employer. *Hosack v. Utopian Wireless Corp.*, No. 11-0420, 2011 WL 1743297, at *5 (D.Md. May 6, 2011); *cf.* 29 U.S.C. § 203(d) (defining "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee.").  Rather, it has the "commonly understood meaning of the term . . . which contemplates some sort of contractual relationship involving the

payment of wages in exchange for services." *Watkins*, 173 F.Supp.2d at 414.

### a.   As to Massenburg

Plaintiff avers in his motion for summary judgment that Massenburg entered into a verbal employment contract with him, and that he is therefore liable for unpaid wages under the MWPCL.  Massenburg counters that he is not individually liable under the statute.

Massenburg admits that an employment contract existed between Tony & James and Plaintiff.  Plaintiff, however, does not establish that Massenburg was acting in his individual capacity, rather than as owner and agent of Tony & James, when he entered into the verbal contract.  For this reason, Plaintiff's motion for summary judgment against Massenburg on the MWPCL claim, Count Two of the complaint, will be denied.

### b.   As to Tony & James and Journeyman under MWPCL

The MWPCL requires that an employer "shall pay each employee at least once in every 2 weeks or twice in each month." Md. Code Ann., Lab. & Empl. § 3-502(a)(1)(ii).  It also provides that "each employer shall pay an employee . . . all wages due for work that the employee performed before the termination of employment, on or before the day on which the employee would have been paid the wages if the employment had not been terminated." *Id.* § 3-505(a).  Plaintiff alleges that Defendant

Tony & James never paid him wages and bonuses for the hours he worked.  A complete failure to pay clearly does not meet the bi-weekly or twice-per-month requirements of the MWPCL.  Based on Plaintiff's well-pleaded allegations, Tony & James willfully and intentionally failed to pay Plaintiff his regular wages, in violation of the MWPCL.  Therefore, default judgment as to liability is appropriate as to Tony & James and Journeyman, as a successor in interest to Tony & James, on Count Two.[3]

### 2.  FLSA and MWHL Claims

Plaintiff alleges that he is a non-exempt employee, worked for Tony & James, Journeyman, and Massenberg at least seventy-two hours per week between June 28 and July 24, 2010, and was never paid regular wages or overtime wages in violation of the FLSA and MWHL.  "The FLSA requires that employers pay nonexempt employees at least the federal minimum wage for all hours worked and overtime pay for house worked in excess of 40 hours per week."  *Quickley v. Univ. of Md. Med. Sys. Corp.*, No. 12-231, 2012 WL 4069757, at *4 (D.Md. Sept. 14, 2012); *see also* 29 U.S.C. §§ 206(a)(1) & 207(a)(1).  Under the FLSA, pay for the first 40 hours is at the federal minimum wage, and overtime pay is calculated "at a rate not less than one and one-half times

---

[3] The MWPCL's definition of employer includes "any person who employs an individual in the State *or a successor of the person*."  Md. Code Ann., Lab. & Empl. § 3-501(b) (emphasis added).

the regular rate at which [the employee] is employed." 29 U.S.C. §§ 206(a)(1) & 207(a)(1). "Regular rate" includes all remuneration, sometimes including bonuses.[4] 29 U.S.C. § 207 (e). "The MWHL is the 'state parallel' to the FLSA, and the requirements for pleading a claim under the MWHL 'mirror those of the federal law.'" *Quickley*, 2012 WL 4069757, at *6 (quoting *Brown v. White's Ferry, Inc.*, 280 F.R.D. 238, 242 (D.Md. 2012)); *see also* Md. Code Ann., Lab. & Empl. § 3-413(b) & § 3-415(a).

   a.   **As to Massenburg**

In his answer, Defendant Massenburg argues that Plaintiff, as a salaried employee pursuant to his employment contract, is not entitled to any overtime pay. (ECF No. 7 ¶ 18). Massenburg may raise Plaintiff's status as an exempt employee as an affirmative defense to claims brought under the FLSA, but exemptions "are to be narrowly construed against the employers seeking to assert them." *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960).

Section 213(a)(1) of the FLSA exempts individuals employed in a "bona fide executive, administrative, or professional capacity," as defined by the Secretary of Labor.[5] Even if

---

[4] Plaintiff's complaint seeks the bonus separately, and not as part of the "regular rate" for FLSA purposes.

[5] For each of these functions, the Secretary has promulgated rules regarding when an employee qualifies as exempt. *See* 29

Plaintiff's job was executive, administrative, or professional in nature, Mr. Lippe would still qualify for benefits under the FLSA and MWHL because he was never paid at all.  An employee's "status as a salaried employee depends on the manner in which he or she is actually compensated, regardless of what he or she is owed under the applicable 'employment agreement.'" *Castellino v. M.I. Friday, Inc.*, No. 11-261, 2012 WL 2513500, at *5 (W.D. Pa. June 29, 2012) (quoting *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 847-48 (6th Cir. 2012)).  Thus, if an otherwise exempt employee was never paid the salary, under the FLSA the employee must be paid for hours actually worked. Under the salary-basis test, Massenburg, as the employer, bears the burden of showing that Plaintiff "received[d] . . . [a] predetermined amount," to be exempt from the FLSA.  *Johnny's Lunch*, 668 F.3d at 850 (quoting 29 C.F.R. § 541.602(a)).

In his answer, Massenburg asserts that "[t]he money that was to be paid to Mr. Lippe is not accounted for at this time,"

---

C.F.R. § 541.100 (executive employees); *Id.* § 541.200 (administrative employees); *Id.* § 541.300 (professional employees).  Each rule requires the defendant to satisfy three "tests" to qualify:  (1) a duties test; (2) a salary-level test; and (3) a salary-basis test. *See Id.* § 541.700 (duties test); *Id.* § 541.600 (salary-level test); *Id.* § 541.602 (salary-basis test).  Massenburg does not specifically argue that Plaintiff meets any of these definitions.

and that he "never intended to not pay Mr. Lippe his wages."[6] (ECF No. 7 ¶¶ 27-28).  Having failed to meet his burden of showing that Plaintiff was actually paid, Massenburg essentially concedes that Plaintiff was owed $5,384 for the time he worked at Tony & James.[7]  (ECF No. 7 ¶ 41).  Plaintiff is therefore not an exempt employee for purposes of the FLSA and MWHL.  *See Takacs v. Hahn Auto. Corp.*, 246 F.3d 776, 781 (6th Cir. 2001) (practice of improperly suspending salaried managers without pay rendered them nonexempt under the FLSA), *cert. denied*, 534 U.S. 889 (2001); *Avery v. City of Talladega*, 24 F.3d 1337, 1341-42 (11th Cir. 1994) (suspension without pay for improper reasons "destroyed" employees' salaried status and entitled them to overtime pay).

By virtue of Massenburg's admissions, Plaintiff has established that Defendant Massenburg violated 29 U.S.C. §§ 206(a)(1) & 207(a)(1) and Md. Code Ann., Lab & Empl. §§ 3-413(b) & 3-415(a), and is liable to Plaintiff under the FLSA and MWHL.[8]

---

[6] Massenburg also answers that "it hasn't been verified that Mr. Lippe did not receive payment."  (ECF No. 7 ¶ 41).  This assertion does not meet Defendant's burden of showing that Plaintiff was actually paid.

[7] Further, Massenburg does not argue that Plaintiff's salary was withheld pursuant to any of the enumerated exceptions of § 541.602(b).

[8] The definition of term "employer" in the FLSA includes "any person acting directly or indirectly in the interest of an

**b.   As to Tony & James and Journeyman**

Accepting the well-pleaded allegations as true, Plaintiff has established that Tony & James and Journeyman violated 29 U.S.C. §§ 206(a)(1) & 207(a)(1) and Md. Code Ann., Lab & Empl. §§ 3-413(b) & 3-415(a), and are liable to Plaintiff under the FLSA and MWHL.[9]   Therefore, default judgment as to liability on

---

employer in relation to an employee." 29 U.S.C. § 203(d). The term "person" is defined as "an *individual*, partnership, association, corporation, business trust, legal representative, or any organized group of persons." 29 U.S.C. § 203(a) (emphasis added). Given the breadth of these definitions, individuals may be liable under the FLSA. 29 U.S.C. § 216(b); *Boscarello v. Audio Video Sys., Inc*, 784 F.Supp.2d 577, 584-85 (E.D.Va. 2011) (holding individual who is president and owner of company qualifies as employer under FLSA) (citing *Brock v. Hamad*, 867 F.2d 804, 809 n. 6 (4th Cir. 1989) (noting that an individual who "hired and directed the employees" was an employer under the FLSA, "[e]ven if the businesses were within a corporate structure.") (citations omitted)). An individual who meets the FLSA's definition of the term "employer" is jointly and severally liable for any unpaid wages owed by the employing entity itself. *See Brock*, 867 F.2d at 808; *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983) ("The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages."). Because Massenburg hired and fired Plaintiff and determined the rate of his compensation, he meets the definition of "employer" for purposes of the FLSA and MWHL (indeed, he does not argue otherwise). *Brock*, 867 F.2d at 808 n. 6.

[9] Plaintiff alleges that Journeyman is liable under all counts as a successor in interest to Tony & James. Because Journeyman has admitted all well-plead facts in the complaint, this factual allegation is admitted. As a matter of law, other circuit and district courts have extended liability under the FLSA to successor entities. *See, e.g.*, *Steinbach v. Hubbard*, 51 F.3d 843, 845 (9th Cir. 1995); *Chao v. Concrete Mgmt. Res.*,

Counts One and Three is proper as to Defendants Tony & James and Journeyman.

### D.   Quantum Meruit

Plaintiff's final claim for recovery of regular wages owed is for *quantum meruit*.  *Quantum meruit* is a "quasi-contract remed[y] . . . that permit[s] recovery, 'where, in fact there is no contract, but where circumstances are such that justice warrants a recovery as though there had been a promise.'" *Swedish Civil Aviation Admin. v. Project Mgmt. Enters., Inc.*, 190 F.Supp.2d 785, 790 (D.Md. 2002) (citations omitted).  A plaintiff cannot recover under *quantum meruit* when a contract exists, because "[t]he general rule is that no quasi-contractual claim can arise when a contract exists between the parties concerning the same subject matter on which the quasi-contractual claim rests." *Cnty. Comm'rs of Caroline Cnty. v. J. Ronald Dashiell & Sons, Inc.*, 358 Md. 83, 96 (Md. 2000) (citations and quotations omitted).

Here, Plaintiff has shown the existence of a contract, at least between some of the parties, and therefore he cannot recover under *quantum meruit*.  Thus, his motions for summary

---

*L.L.C.*, No. 08-2501, 2009 WL 564381, at *3 (D.Kan. Mar. 5, 2009).

judgment and default judgment will be denied as to his *quantum meruit* claim, Count Four of the complaint.

**E. Damages for First Forty Hours of Work Per Week**

Plaintiff provided a declaration, signed under penalty of perjury, averring to the hours he worked: 12 hours a day, six days a week, for four weeks. (ECF No. 11-1). In his answer, Mr. Massenburg conceded that Plaintiff was employed from June 28 to July 24, 2010, at a rate of $70,000 per year. He further admitted that he did not keep records of the hours Plaintiff worked. "In cases such as the present one in which wage and pay records, required to be kept by employers pursuant to 29 U.S.C. § 211(c) [the FLSA], are not available, [the employee] must show the amount and extent of improperly compensated work 'as a matter of just and reasonable inference.'" *Lopez v. Lawns 'R' Us*, No. 07-2979, 2008 WL 2227353, at *3 (D.Md. 2008) (relying on Plaintiff's testimony to calculate damages under the FLSA, MWHL, and MWPCL) (quoting *Donovan v. Bel-Loc Diner*, Inc., 780 F.2d 1113, 1116 (4th Cir. 1985)).

Pursuant to the "one wrong, one recovery rule," a party may not recover twice for one injury. *See Clancy v. Skyline Grill, LLC*, No. 12-1598, 2012 WL 5409733, at *5 (D.Md. Nov. 5, 2012) (awarding damages only once for unpaid wages and overtime against defaulted defendants on well-pleaded FLSA, MWHL, and MWPCL claims) (citations omitted). Therefore, Plaintiff will

recover only once for all damages resulting from Defendants' failure to pay him wages, overtime, and bonus, even though liability is established under multiple, consistent theories of recovery.

For each of the four weeks he worked, Plaintiff established that he worked forty base hours and thirty-two overtime hours. Plaintiff calculates his hourly wage to be $18.70 per hour ($70,000 per year, divided by seventy two hours per week). Therefore, as to Defendants Tony & James and Journeyman, Plaintiff is entitled to $2,992.00 in unpaid base wages under the MWPCL for forty hours worked ($18.70 for forty hours per week, for four weeks). As to Defendant Massenburg, he is liable to Plaintiff for $1,160.00 in unpaid regular minimum wages under the FLSA and MWHL for forty hours worked each week ($7.25 for forty hours per week, for four weeks).

### F. Overtime Pay as to Tony & James, Journeyman, and Massenburg

The liability of Defendants Massenburg, Tony & James, and Journeyman for failure to pay overtime in violation of the FLSA and MWHL has been established. Plaintiff credibly established, by declaration and exhibits, his rate of pay and the number of overtime hours for which he did not receive compensation.

The FLSA provides a private right of action for eligible employees who have not been paid one and a half times their

regular rate of pay for any hours worked in excess of 40 per week.  29 U.S.C. § 216(b).  Under the FLSA, overtime pay is calculated "at a rate not less than one and one-half times the regular rate at which [the employee] is employed."  *Id.* at 207(a)(1).  Therefore, as to Tony & James, Journeyman, and Massenburg, Plaintiff is entitled to an additional $3,590.40 in overtime pay ($28.05, 150% of hourly $18.70 wage, at thirty two hours per week, for four weeks).

### G.   Bonus under MWPCL

Plaintiff specifically does not seek summary judgment against Mr. Massenburg as to the bonus.  Nor does Plaintiff argue that the bonus should be included in the calculation of his regular rate of pay under the FLSA.  He does, however, seek to recover the bonus pursuant to the MWPCL:

> [E]ach employer shall pay an employee or the authorized representative of an employee all wages due for work that the employee performed before the termination of employment, on or before the day on which the employee would have been paid the wages if the employment had not been terminated.

MD Code Ann., Lab. & Employ., § 3-505(a) (2004).  The statute defines "wages" as "all compensation that is due to an employee for employment."  *Id.* § 3-501(c)(1).  The term "wage" includes "a bonus," "a commission," "a fringe benefit," or "any other remuneration *promised* for service."  *Id.* § 3-501(c)(2) (emphasis added).  Importantly, not all bonuses are "wages."  The Maryland

Court of Appeals has held that a bonus constitutes "wages" for purposes of the MWPCL "only when it has been *promised* as part of compensation." *Whitting-Turner Contracting Co. v. Fitzpatrick*, 366 Md. 295, 305 (2001) (emphasis added) (profit-sharing bonus did not constitute "wages" because it was not promised as part of the employee's compensation package for the time period in question). A bonus that is awarded at the discretion of the employer is "merely a gift, a gratuity, revocable at any time before delivery" and is not covered by the MWPCL. *Id.* at 306; *see also Varghese v. Honeywell Int'l, Inc.*, 424 F.3d 411, 420 (4th Cir. 2005) (former employee's stock options were not "wages" payable under the MWPCL because the employer "always retained the discretion" not to award them); *Mazer v. Safeway, Inc.*, 398 F.Supp.2d 412, 426 (D.Md. 2005) (bonus was not "wages" because it was not "promised" given that the former employee "did not know whether he would ever receive a bonus").

Because the bonus was promised as a part of Plaintiff's compensation, and Defendants did not have discretion as to whether payment would be made, it constitutes "wages" under the MWPCL. Plaintiff avers that Tony & James and Journeyman owe him a portion of his $15,000 quarterly bonus, of which he accrued a portion for every day he worked. He calculates that he is owed

$166.67 in bonus for every day that he was employed.  Because he was employed 27 days, he is owed $4,500.[10]

H.        **Enhanced Damages**

Finally, Plaintiff seeks treble damages under the MWPCL, or liquidated damages under the FLSA.  Plaintiff is "entitled to recover liquidated damages under the FLSA or treble damages under the Maryland Wage Payment and Collection Law, but not both."  *Quiroz v. Wilhelm Commercial Builders, Inc.*, No. 10-2016, 2011 WL 5826677, at *3 (D.Md. Nov. 17, 2011).  "Enhanced damages serve the dual purposes of compensating employees for consequential losses, such as late charges or evictions, that can occur when employees who are not properly paid are unable to meet their financial obligations; and of penalizing employers who withhold wages without colorable justification."  *Lawns 'R' Us*, 2008 WL 2227353, at *4; *see also Monge v. Portofino Ristorante*, 751 F.Supp.2d 789, 800 (D.Md. 2010) (doubling, rather than trebling, unpaid wages where defendants did not offer evidence of a bona fide dispute and plaintiff did not claim consequential damages).  Here, Defendant has not offered any evidence of a bona fide dispute, and Plaintiff has not offered evidence of consequential damages, other than pre-judgment interest.  Plaintiff's unpaid compensation will be

---

[10] As discussed below, this amount will be doubled.

doubled, pursuant to the MWPCL and the FLSA. Therefore, Defendant Massenburg owes Plaintiff total damages of $9,500.80, and Defendants Tony & James and Journeyman, jointly and severally, owe Plaintiff total damages of $22,164.80.

I.   **ERISA Claim**

Section 104(b) of ERISA requires benefit plan administrators to provide accurate, comprehensive, and clear plan information to all plan participants. 29 U.S.C. § 1024(b) (2009). Section 1024(b)(4) specifically requires benefit plan administrators to provide "a copy of the latest updated summary plan description" ("SPD") upon written request from a participant. 29 U.S.C. § 1024(b)(4). Section 502(c)(1) of ERISA provides for specific civil penalties against plan administrators who fail or refuse to comply with written requests for such information within 30 days of the request. 29 U.S.C. § 1132(c)(1); *see also* 29 C.F.R. § 2575.502c-1 (increasing penalty from $100 to $110 per day delayed). The court may impose a penalty in the amount of up to $110 per day from the date of such failure or refusal. *Id.* "[T]he amount of the statutory penalty to be imposed, if any, is left to the discretion of the court." *Brooks v. Metrica, Inc.*, 1 F.Supp.2d 559, 568 (E.D.Va. 1998) (citing *Faircloth v. Lundy Packing Co.*, 91 F.3d 648, 659 (4th Cir. 1996)).

In his complaint, Plaintiff alleges that he never received an SPD. Plaintiff never alleges, however, that he ever requested the SPD in writing from the Group Health Plan as required by § 1024(b)(4). Therefore, the well-pleaded allegations do not establish that Group Health Plan failed to comply with the statute, and default judgment is inappropriate as to Count Five.

### J. Attorney's Fees, Costs, and Pre- and Post-Judgment Interest

Plaintiff seeks a total of $27,601.75 in attorney's fees, $460 in costs, and pre- and post-judgment interest. Because Plaintiff's motion as to Massenburg is one for partial summary judgment on only a portion of liability, and default judgment is being denied as to Plaintiff's ERISA and *quantum meruit* claims, it is premature to resolve the issue of attorney's fees and costs now.

### III. Conclusion

A separate Order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge