IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GORDON LIPPE                            :

   v.                   :   Civil Action No. DKC 12-0260

TJML, LLC, et al.                       :

**MEMORANDUM OPINION AND ORDER**

Plaintiff Gordon Lippe brought claims against Defendants TMJL, LLC, t/a Tony & James Restaurant and Bar ("Tony & James"); Tony Massenburg, one of the owners of Tony & James; TJML, LLC Group Health Plan ("Group Health Plan"); and Journeyman, LLC, t/a 44 Sports Bar & Grill ("Journeyman"), seeking to recover unpaid wages and bonuses. (ECF No. 1). In a Memorandum Opinion and Order issued on January 16, 2013, judgment was entered in Plaintiff's favor against Defendants Massenburg, Tony & James, and Journeyman on a number of claims. (ECF Nos. 14 & 15). On February 4, 2013, Plaintiff filed a status report stipulating to the dismissal of any unresolved causes of action and requesting the court to enter final judgment. (ECF No. 16). Plaintiff also requested that the court award him attorney's fees, costs, and post-judgment interest. On February 15, 2013, Plaintiff's remaining claims were dismissed and judgment was entered in Plaintiff's favor for costs. (ECF No. 17). On March 1, 2013,

Plaintiff provided a more detailed schedule of the amounts of attorneys' fees and costs sought, as contemplated by Local Rule 109 and Appendix B to the Local Rules. (ECF No. 18). Defendant Massenburg did not respond to Plaintiff's filings. On March 15, 2013, Defendant Massenburg filed a suggestion of bankruptcy, noting that he filed for relief under Title 11 of the United States Bankruptcy Code on September 18, 2012. (ECF No. 19).

The docket and proceedings in the bankruptcy court indicate that attempts were made to notify Plaintiff's attorney of Massenburg's bankruptcy by first class mail on September 20, 2012. (*In re Massenburg*, No. 12-27073, Bankruptcy ECF No. 9, at 1)[1]. Plaintiff did not, however, notify the court of Defendant Massenburg's bankruptcy petition at that time or anytime thereafter. Plaintiff never sought to withdraw his motions for judgment. Indeed, on February 4, 2013, Plaintiff affirmatively sought to dismiss his remaining claims and pursued the award of attorneys' fees and costs, and supplemented this request on March 1, 2013. (ECF Nos. 16 & 18).

---

[1] The address on record in the bankruptcy court correctly states counsel's street address, but erroneously places it in Falls Church, Virginia, rather than Washington, D.C. The erroneous address appears throughout the record there, including on the schedule of creditors holding unsecured priority claims which includes Mr. Lippe's wage claim. (Bankruptcy ECF No. 17, Schedule E).

2

This sequence of events raises a number of concerns regarding the automatic stay provision of the U.S. Bankruptcy Code, which prohibits all acts to collect a pre-petition debt. 11 U.S.C. § 362(a)(6) provides that "a petition . . . operates as a stay, applicable to all entities, of . . . any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case." Principally, the portion of the January 16, 2013 Order entering judgment against Defendant Massenburg is void and must be vacated, as is the judgment for costs. *Mink v. Baltimore Behavioral Health, Inc.*, No. WDQ-11-1937, 2013 WL 3507314, at *2 & n.7 (D.Md. July 10, 2013) (concluding that post-petition judgment issued in violation of automatic stay is void and vacating judgment); *see also In re Adler*, 494 B.R. 43, 59 (Bankr.E.D.N.Y. 2013) (*sua sponte* vacating post-petition judgment issued in violation of automatic stay).

A creditor will not be sanctioned unless its violation of the automatic stay is willful. 11 U.S.C. § 362(k)(1). In this context, the United States Court of Appeals for the Fourth Circuit discussed the elements of willfulness: "[t]o constitute a willful act, the creditor need not act with specific intent but must only commit an intentional act with knowledge of the automatic stay." *Citizens Bank of Md. v. Strumpf (In re Strumpf)*, 37 F.3d 155, 159 (4th Cir. 1994), *rev'd on other*

3

*grounds*, 516 U.S. 16, 116 (1995) (citations omitted). Seeking the entry of judgment after the filing of a bankruptcy petition may violate the automatic stay, even if the creditor is unaware of the debtor's filing of bankruptcy. *In re Keen*, 301 B.R. 749, 753 (Bankr.S.D.Fla. 2003). Such a violation becomes willful if the creditor fails to seek vacatur of the judgment once it becomes aware of the debtor's bankruptcy petition. *Id.* Indeed some courts have found "that once notice was given that bankruptcy relief had been filed, [defendants have] an affirmative duty to undo the violation of the stay," including by seeking vacatur of a judgment. *Id.*

Accordingly, it is this 15th day of August, 2013, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff Gordon Lippe will show cause within fourteen (14) days of the date of this order why he should not be sanctioned for violation of the automatic stay. Failure to show good cause within fourteen (14) days of the date of this order shall result in this court making a finding that the failure to comply with 11 U.S.C. § 362(a) was willful and imposing sanctions, which may include denying Plaintiff the fees he seeks from the entities;

2. The clerk is directed to VACATE the judgments entered on January 16, 2013 and February 15, 2013 (ECF Nos. 15 and 17), as to Defendant Tony Massenburg only; and

3. The clerk is directed to transmit copies of the foregoing Memorandum Opinion and Order to counsel for the parties.

                                                    /s/
DEBORAH K. CHASANOW
United States District Judge